**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-859-SDD-RLB** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | |

**ORDER**

Before the Court is Liberty Personal Insurance Company's ("Defendant") Motion to Compel Plaintiff's Discovery Responses (the "Motion"). (R. Doc. 18). It is unopposed.

## I. Background

On August 25, 2023, James Stewart ("Plaintiff") filed suit against Defendant, improperly named as Liberty Mutual Insurance Company, in the Middle District of Louisiana for its alleged breach of an insurance contract. (R. Docs. 1; 8 at 1). On March 15, 2024, Defendant timely sent Plaintiff its First Set of Interrogatories, Requests for Production ("RFP(s)"), and Requests for Admission ("RFA(s)") (together, the "Requests"). (R. Docs. 13; 18-2). Responses were due by April 15, 2024, but none were provided by June 4, 2024. Fed. R. Civ. P. 33. (R. Doc. 18). Thus, Defendant filed the instant Motion, asking that Plaintiff be compelled to respond and that the RFAs be deemed admitted. (R. Docs. 18; 18-1). Plaintiff failed to file a response or opposition.

## II. Law and Analysis

### A. Legal Standards

Under Fed. Rules Civ. P. "33 and 34, a party upon whom interrogatories and [RFPs] have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty days after service of the requests." *Shelton v. Landstar Ranger, Inc.,* No. CV 22-337-BAJ-SDJ, 2023 WL 1425321, at *1 (M.D. La. Jan. 31, 2023) (citation omitted). If a party receives no discovery responses within the allotted thirty days, that party "may move to compel

responses and for appropriate sanctions under [Fed. R. Civ. P.] 37." *Id*. In deciding even an unopposed motion to compel, a court must consider that while "[p]arties may obtain discovery regarding any nonprivileged matter . . . relevant to any party's claim or defense and proportional to the needs of the case[,]" the extent of discovery must be limited if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)." Fed. R. Civ. P. 26.

**B. Analysis**

**i. Defendant Has Complied With Fed. R. Civ. P. 37**

When a party moves to compel responses to discovery, that party must certify that it "in good faith conferred or attempted to confer with the person or party" that failed to respond to the discovery requests. Fed. R. Civ. P. 37(a). Defendant's counsel certified the following: "I held a [Fed. R. Civ. P.] 37(a) telephone conference with Plaintiff's counsel on May 8, 2024 to address the issues raised in this [M]otion, and followed up with an email to Plaintiff's counsel on May 29, 2024[, but] the issues have not been resolved." (R. Doc. 18). Defendant's Motion explains that Plaintiff's counsel said on May 8, 2024 that she would provide responses "shortly." (R. Doc. 18). After no responses were provided by May 29, 2024, Defendant provided an extension to June 3, 2024, but still no responses were received. (R. Docs. 18; 18-4).

Defendant's counsel complied with the requirements of Fed. R. Civ. P. 37 because she conferred with Plaintiff's counsel and afforded Plaintiff more time to respond to the Requests before filing the Motion. *Anzalone v. Sears Roebuck & Co.*, No. CIV. A. 12-2950, 2013 WL 2456213, at *3 (E.D. La. June 4, 2013) (good faith effort to confer when party failed to respond

after given extension in Fed. R. Civ. P. 37 conference); *Tredick v. Ekugbere*, No. CV 17-103-JWD-RLB, 2017 WL 2728455, at *1 (M.D. La. June 23, 2017) (same); *Shelton*, 2023 WL 1425321, at *1 (same).

**ii. Interrogatory No. 15 and RFP Nos. 6, 16, and 17**

As the majority of the Requests, on their face, seek relevant information proportional to the needs of the case, and Plaintiff has failed to object, responses to the Requests may generally be compelled. We find it unnecessary to formally assess each Request aside from the following:

> **Interrogatory No. 15**
> If you denied any [RFA] below, please provide all facts to support your complete or partial denial.
>
> **RFP No. 6**
> Produce all postings made by you or anyone who resides in your household on any social media website, including without limitation, Facebook, Twitter, Instagram, Tik Tok, or blog postings, that relate in any way to your Claim.
>
> **RFP No. 16**
> Please produce copies of any and all documents you referenced when answering the above interrogatories that have not otherwise been produced.
>
> **RFP No. 17**
> Please produce a completed copy of the attached damages form attached hereto as Exhibit A. (R. Doc. 18-2).

**a. Court Will Not Compel Response to Interrogatory No. 15**

Interrogatory No. 15 asks Plaintiff to "provide all facts to support [his] complete or partial denial" of any of the RFAs. (R. Doc. 18-2). Because Interrogatory No. 15 is linked to the answers to twenty-one RFAs, Interrogatory No. 15 has twenty-one subparts that are counted toward the federal twenty-five interrogatory limit. *See* Fed. R. Civ. P. 33; *see also Cubellis, Inc. v. LIFT*, No. CV 07-7959, 2008 WL 11355010, at *4 (E.D. La. Oct. 27, 2008) (citations and quotations omitted) (When an interrogatory asks a party to "support[] the denial of each [RFA], it usually should be construed as containing a subpart for each [RFA] contained in the set [so that it] constitutes a multiple interrogatory for the purposes of the numerical limit . . . in [Fed. R. Civ.

P.] 33(a)."); *see also Est. of Manship v. United States,* 232 F.R.D. 552, 556-57 (M.D. La. 2005), *aff'd,* (M.D. La. Jan. 13, 2006) (same). (R. Doc. 18-2). Considering that there are fifteen interrogatories and twenty-one subparts to Interrogatory No. 15, this Court finds that Interrogatory No. 15 raises the number of interrogatories to well above that allowed under Fed. R. Civ. P. 33. (R. Doc. 18-2). Thus, although no RFAs were denied, this Court may not compel a response to Interrogatory No. 15.

**b. Court Will Revise RFP No. 6 and Compel Response**

In RFP No. 6, Defendant seeks social media posts, whether posted by Plaintiff or "anyone" residing in his household, relating "in any way to" Plaintiff's claim. (R. Doc. 18-2). Social media posts are "discoverable [if they are] relevant and proportional to the needs of the case." *O'Malley v. Pub. Belt R.R. Comm'n for City of New Orleans*, No. CV 17-4812, 2018 WL 11351528, at *3 (E.D. La. May 1, 2018) (citation omitted). Thus, a response to RFP No. 6 may be compelled to the extent RFP No. 6 seeks posts related to Plaintiff's claim. *See Lawrence v. Rocktenn CP LLC,* No. CV 16-821, 2017 WL 2951624, at *2 (W.D. La. Apr. 19, 2017) (compelled production of posts "refer[ring] or relat[ing] to the allegations contained in . . . Petition for Damages"); *see also Impson v. Dixie Electric Membership Corp.*, 2015 WL 9413122, at *2-3 (compelled responses to requests related to the accident, the alleged injuries, and/or the alleged damages.); *see also Baxter v. Anderson*, No. 16-142, 2016 WL 4443178, *4 (M.D. La. Aug. 19, 2016) (limited request to seek posts "from the time of the accident . . . to the present for which Plaintiff has 'possession, custody, or control' and are related to the claims and/or defenses of this litigation").

However, RFP No. 6 seeks more than just Plaintiff's posts; it also seeks the posts of "anyone" residing in his house. (R. Doc. 18-2). RFPs may only seek information that is "in the

responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34. To the extent RFP No. 6 seeks posts made by anyone other than Plaintiff, it seeks information not in his possession, custody, or control. Plaintiff has no practical ability to access social media accounts that are not his, nor does he have control over what others post. *See Edwards v. City of Bossier City*, No. CV 15-1822, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016) (citation omitted) ('possession, custody, or control' means a party's "legal right or practical ability to obtain the materials from a nonparty to the action."); *see also Hardy v. New Jersey Manufacturers Ins. Co.*, No. CV 22-153-SDD-RLB, 2022 WL 15446280, at *6 (M.D. La. Oct. 26, 2022) ("As the holder of the account, this material is within her control."). Thus, this Court will only compel a response to a revised version of RFP No. 6 that only requests posts that were made by Plaintiff.

**c. Court Will Not Compel Response to RFP No. 16**

A court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative[.]" Fed. R. Civ. P. 26. This Court finds that RFP No. 16, which seeks "all documents [Plaintiff] referenced when answering the above interrogatories[,]" is duplicative of RFP No. 14, which seeks "all documents, correspondence, social media posts, photographs, and/or videos that [Plaintiff] referenced in answering the above interrogatories[.]" (R. Doc. 18-2). Accordingly, this Court will not compel a response to RFP No. 16.

**d. Court Will Not Compel Response to RFP No. 17**

"As a general matter, a party cannot invoke [Fed. R. Civ. P.] 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (citing *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (collecting cases); *Marchese v. Sec'y, Dep't of the Interior*, Civ. A. No. 03-

3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004) ("Rule 34 does not require a party responding to discovery to create responsive materials, only to produce those in its possession, custody or control." (emphasis removed)). Thus, an RFP is unduly burdensome to the extent it requires a person to do more than simply produce documents already in existence. *Id*. As RFP No. 17 asks Plaintiff to create a document by completing a damages form, this Court will not compel Plaintiff to respond to RFP No. 17. *Id.*

**iii. Objections Waived and RFAs Admitted but Defendant Bears its Costs**

As Plaintiff failed to timely object to Defendant's written discovery requests, this Court finds that Plaintiff waived its objections to the written discovery requests, except for those pertaining to privileges or immunities. *See In re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, [RFP]s, or other discovery efforts, objections thereto are waived."); *see also B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (waiver of all objections "not grounded on the attorney client or the work product privilege.").

RFAs are deemed admitted unless the answering party responds by a stipulated date or within 30 days of being served. Fed. R. Civ. P. 36. The June 4, 2024 response extension has passed and it has been more than 100 days since the Requests were served on March 15, 2024. (R. Docs. 18; 18-2). As no responses have been provided, the RFAs are deemed admitted without any action by the Court.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion (R. Doc. 18) is **GRANTED IN PART and DENIED IN PART** and the parties shall bear their own costs.[1]

**IT IS FURTHER ORDERED** that Plaintiff **IS NOT COMPELLED** to respond to Interrogatory No. 15, RFP No. 16, or RFP No. 17, **BUT IS COMPELLED** to respond, within fourteen (14) days of the signing of this Order, to all other interrogatories and RFPs posed by Defendant, as well as RFP No. 6, but only as it is revised below:

> **Request for Production No. 6**
> Produce all postings made by you on any social media website, including without limitation, Facebook, Twitter, Instagram, Tik Tok, or blog postings, that relate in any way to your Claim.[2]

**IT IS FURTHER ORDERED** that the RFAs are admitted and that Plaintiff's objections regarding the interrogatories and RFPs are waived, except for any privileges or immunities.

Signed in Baton Rouge, Louisiana, on July 16, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As the Motion has been granted in part and denied in part, Defendant shall bear its own costs. *Martin v. Affordable Care, LLC*, No. 5:21-CV-00585, 2022 WL 19001030, at *2 (W.D. La. May 27, 2022) (citing Fed. R. Civ. P. 37(a)(5)(C)) (if motion to compel is granted in part and denied in part, court need not award fees but can apportion the expenses between the parties).

[2] To effectuate the foregoing search, and to ensure that Plaintiff's search for responsive information is complete, Plaintiff must download all historical data available from his social media accounts and provide such historical data to his attorney to review for responsive information covered by this Order. For example, to download his Facebook information, Plaintiff should: (1) tap the arrow in the top right of Facebook where the account icon appears, (2) tap Settings and Privacy, (3) tap Settings, (4) scroll down on the left to Your Information and tap Download Your Information, and (5) follow the steps Facebook provides for downloading all available information. Other social media sites have similar capabilities. If an account does not allow for such a download, Plaintiff's responses shall include a description of the steps taken to locate and review any responsive information held within that account.